UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

Day, et al                                                                                  Civil Action No. 16-01248

versus                                                                                      Judge Rebecca F. Doherty

BNSF Railway Co, et al                                                Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Currently pending before the undersigned on referral from the district judge is a Motion To Remand filed by Plaintiffs, George Keith Day, individually and on behalf of his minor children and deceased child, Jody Day, individually and on behalf of her minor children and deceased child and on behalf of Phyllis LeBlanc, Dustin Daigle, individually and on behalf of his deceased minor child, Rechelle Potier, individually and on behalf of her deceased minor child, Brian Schmidt, individually and on behalf of his minor child, Monic Porrier, individually and on behalf of her minor child and Steven LeBlanc, III, on behalf of Steven LeBlanc, Jr. [Rec. Doc. 10], the Louisiana Department of Transportation and Development's ("DOTD") Memorandum In Opposition [Rec. Doc. 13], Opposition Of National Railroad Passenger Corporation ("Amtrak"), As Real Party In Interest [Rec. Doc. 17], BNSF Railway Company's ("BNSF") Opposition [Rec. Doc. 18] and Plaintiffs' Combined Reply to BNSF and Non-Party Defendant Amtrak's Response [Rec. Doc. 22]. For the

following reasons, the undersigned will recommend that the Motion be granted.

## *I. Background*

This cause of action arises out of a high-speed collision at a railroad crossing jointly maintained and owned by Defendants BNSF and the DOTD and a train operated by Defendants Brian Stanga, the engineer, and Tyrone Clark, the conductor, (collectively the "train crew"). The collision killed three children, two adults and severely injured one child.

On July 22, 2016, Plaintiffs filed suit in the Sixteenth Judicial District Court, Parish of Iberia, Louisiana, against four (4) Defendants: BNSF, the State of Louisiana through the DOTD, and the train crew operating the train at the time of the collision (collectively "Defendants"). On August 17, 2016, BNSF and the train crew asked for an extension of time to respond to Plaintiffs' Petition, to which Plaintiffs agreed. *R. 10-2, Ex. 1*. On September 1, 2016, without intervening or otherwise being included in the instant lawsuit, Amtrak filed a Notice of Removal to which Defendants joined. *R. 1*. Plaintiffs filed this Motion To Remand on September 29, 2016. *R. 10.*

## *II. Contentions Of The Parties*

In their Notice of Removal, Amtrak and Defendants contend that because Plaintiffs named the train crew as defendants and, at the time of the accident they were in the course and scope of their employment with Amtrak, it is a "real party in

interest." They further contend that removal is proper because Amtrak is a capital stock corporation under 49 U.S.C. 24301, *et seq.*, and the United States government owns more than one-half of Amtrak's shares, therefore this Court has federal jurisdiction pursuant to 28 U.S.C. § 1349.

Plaintiffs argue they "are masters of their complaint" and it is "wholly within their discretion who to sue and who not to sue." They contend that "[s]imply because Amtrak's union contract with its employees requires it to indemnify its train crew does not provide a basis for its unilateral inclusion into this suit." Plaintiffs further contend that Amtrak did not file a motion to intervene in this lawsuit. Instead, Amtrak calls itself a "real party in interest" pursuant to Rule 17. Plaintiffs contend that the Fifth Circuit as well as other circuit's district courts have specifically rejected Amtrak's similar attempts to confer federal jurisdiction. Therefore, Amtrak should be dismissed and this action remanded.

### *III. Legal Standard*

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–1254 (5th Cir.1998). Therefore, the removing defendants must bear the burden to demonstrate that this Court has federal jurisdiction resulting from removal by Amtrak, a non-party. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100

(5th Cir.1990).

A defendant may remove a state-law claim to federal court when the federal court would have had original jurisdiction if the suit were originally filed there. 28 U.S.C. § 1441; 28 U.S.C. § 1331. Removal jurisdiction "raises significant federalism concerns" and is strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts regarding jurisdiction should be resolved against exercising jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In addressing a motion to remand the Court looks to the claims in the state court complaint at the time of removal to assess diversity jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). For removal purposes, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule recognizes the principle that a plaintiff is the master of his complaint. *Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 363, 366 (5th Cir. 1995). Remand is appropriate if the Court lacks subject matter jurisdiction. *Acuna* at 339.

### IV. Analysis

Plaintiffs assert that under the "well-pleaded complaint" rule, the federal court

lacks original subject matter jurisdiction because the complaint does not raise a federal question. They maintain that a *non-party* cannot create federal jurisdiction. Amtrak contends that it is entitled to removal because 28 U.S.C. § 1349 grants federal jurisdiction over civil actions involving corporations, such as Amtrak, in which the United States is a majority shareholder. Amtrak further alleges that because the interests of the federal government are implicated in this case, this "action should be deemed, in essence, one against the United States ... in order to protect [its] respective governmental interests." *R. 17, p. 7*. It notes that although Amtrak was chartered by Congress to operate as a private entity, "it has always depended, in part, on funding from the federal government" and the Court should therefore uphold "Amtrak's right to proceed in federal court." *Id.*

Amtrak provides no support, either jurisprudential or statutory, for its contention that it has a "right" to insert itself into a lawsuit as a non-party in order to create federal jurisdiction. Instead it reverses the burden of proof and contends that Plaintiffs have failed to cite "a single case" showing why Amtrak should not be allowed to assert its "right" to be in this lawsuit as a non-party.

Plaintiffs attached to their Motion an Arkansas district court case, *Jones v. Union Pacific R. Co.*, 2010 WL 2278653 (W.D.Ark.,2010), in which Amtrak attempted to remove a state court action to federal court. In *Jones*, the plaintiffs named Amtrak employees as defendants without naming Amtrak, as in this case;

unlike this case, however, Amtrak was named as a third-party defendant. *Id.* at *1. Also, as in this case, Amtrak alleged its removal was proper because 28 U.S.C. § 1349 grants jurisdiction over civil action involving corporations partially-owned by the government such as Amtrak. *Id.* The court remanded the case holding that Amtrak's removal based on a third-party claim cannot create jurisdiction under 28 U.S.C. § 1349. *Id.* at *2.

Under 28 U.S.C. § 1441, only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings. *See De Jongh v. State Farm Lloyds*, 555 Fed.Appx. 435, 437 (5th Cir. 2014) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir.2006) ( '[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action.'); *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir.1973) (holding that, where removal is initiated by a non-party, the district court is without subject matter jurisdiction)).

In *De Jongh*, the Fifth Circuit considered a case where the plaintiff sued State Farm Lloyd's rather than her actual insurance carrier, State Farm, for insurance coverage issues arising out of damage to her home. *Id*. at 436. State Farm filed an answer in state court asserting that it had been incorrectly named as State Farm

Lloyd's. *Id*. Without moving the state court to allow it to intervene or substitute, State Farm removed the case based on diversity jurisdiction. *Id*. Although Jongh did not move to remand, the district court never dismissed State Farm Lloyd's and entered Judgment in favor of State Farm. On appeal, the Fifth Circuit vacated the judgment, finding that the court had no subject matter jurisdiction. *Id*. at 439. Citing *Salazar* and *Millwood*, the court stated, "[O]nly a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *Id*. at 437.

Amtrak contends because it is a real party in interest, jurisdiction is proper under 28 U.S.C. § 1349. Amtrak, however, was never a party in this action. Plaintiffs did not name Amtrak as a defendant in their petition and Amtrak was not named as a third-party defendant. Nor did Amtrak move to intervene or otherwise request that the district court substitute it as the proper party in interest. Consequently, this Court finds that Amtrak lacked the authority to remove this action to federal court. *See DeJongh*, 555 Fed. Appx. at 437; *Salazar*, 455 F.3d at 575; *Millwood*, 472 F.2d at 272.

## V. Conclusion

Based on the applicable jurisprudence as well as the record of this action, the Court will recommend that Plaintiffs' Motion To Remand [Rec. Doc. 10] be granted

and this case be remanded to the Sixteenth Judicial District Court, Iberia Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, on this 21st day of November, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE