RECEIVED

JAN 1 9 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GEORGE KEITH DAY, ET AL. | CIVIL ACTION NO. 16-1248 |
| VERSUS | JUDGE DOHERTY |
| BNSF RAILWAY CO., ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING AND ORDER**

This matter was referred to United States Magistrate Carol Whitehurst for Report and Recommendation. After an independent review of the record, including the objections filed herein, this Court ADOPTS the magistrate judge's recommendation, with the following clarifications, and the instant matter is REMANDED to the 16th Judicial District Court for the Parish of Iberia, Louisiana. Plaintiffs filed a Motion to Strike All Filings by Non-Party National Railroad Passenger Corporation d/b/a Amtrak [Doc. 42], which is herein DENIED AS MOOT, and defendants filed a Motion for Leave to File a Reply Brief [Doc. 44], which is herein GRANTED. Defendants have also filed a Motion for Order Permitting Interlocutory Appeal [Doc. 33], which is DENIED.

**I.    Facts and Procedural Background**

As noted by the magistrate judge in her Report, this cause of action arises out of a high-speed collision at a railroad crossing jointly maintained and owned by defendants BNSF and the DOTD and a train operated by defendants Brian Stanga, the engineer, and Tyrone Clark, the conductor, (collectively the "train crew"). The collision killed three children and two adults and severely injured one child. On July 22, 2016, plaintiffs filed suit in the 16th Judicial District Court

1

for the Parish of Iberia, Louisiana against BNSF, the State of Louisiana through DOTD, and Stanga and Clark.

On August 31, 2016, all four defendants, as well as National Railroad Passenger Corporation ("Amtrak") – an entity which was not sued in the plaintiff's petition – removed the matter to this Court. The removal notice argues that Amtrak is a real party in interest in the case by virtue of being the employer of the individual crew members named as defendants, and that, as such, this Court has original jurisdiction over the matter because Amtrak is a capital stock corporation created by or under an Act of Congress, 49 U.S.C. §24301, *et seq.*, with more than 50% of the capital stock being owned by the United States of America. Ergo, the defendants argue the matter is removable to this Court on the basis of federal subject matter jurisdiction.

Arguing Amtrak is not a party to the lawsuit, and therefore, does not have standing to remove the matter to federal court, the plaintiffs filed the instant motion to remand [Doc. 10] seeking remand to the 16th Judicial District Court for the Parish of Iberia, Louisiana. The magistrate judge agreed with the plaintiffs and found Amtrak lacks standing to remove the matter, and, therefore, recommends the matter be remanded to state court. Amtrak, BNSF, DOTD, and the individually named defendants object to the magistrate judge's Report.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter

to the magistrate judge with instructions." 23 U.S.C. §636(b)(1).

### III. Legal Analysis

As an initial matter, this Court notes there is a distinction between matters that come to this Court by way of procedural error and those that come to this Court by way of substantive issues. As the magistrate judge correctly noted, the party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998). Thus, in the instant matter, the removing **defendants** must bear the burden to demonstrate that this Court has federal jurisdiction resulting from removal by Amtrak, a non-party. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Removal jurisdiction "raises significant federalism concerns" and is strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This Court is mindful that doubts regarding jurisdiction should be resolved against exercising jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The Court has reviewed and considered the Notice of Removal in this matter, purportedly filed by all of the defendants and Amtrak, a non-party. The defendants argue in their Objections that the magistrate judge erred in focusing on the standing of Amtrak to remove the matter, in light of the fact that all defendants joined in the removal notice. However, the defendants' argument on this point is misplaced. It appears the only mechanism for removal to this Court is by way of federal subject matter jurisdiction, as the case cannot be removed on the basis of diversity jurisdiction given the presence of non-diverse parties (the plaintiffs and DOTD). Without Amtrak as a party, however, no argument for the existence of federal jurisdiction can be made, that argument hinging on Amtrak's quasi-governmental corporate status. For this reason, the magistrate judge correctly

3

focused on the propriety and ability of Amtrak to seek remand.

In support of her recommendation of remand, the magistrate judge cites *Jones v. Union Pacific R. Co.*, 2010 WL 2278653 (W.D. Ark. 2010), in which Amtrak attempted to remove a state court action to federal court. *Jones* is similar to the instant case in certain particulars, however, it is different in one aspect: In *Jones*, as in the instant case, the plaintiffs named Amtrak employees as defendants without naming Amtrak, as in this case; however, unlike this case, Amtrak was named as a third-party defendant. In *Jones*, Amtrak also argued removal was proper because 28 U.S.C. §1349 grants jurisdiction over civil action involving corporations partially-owned by the government such as Amtrak. In finding that Amtrak could not remove the matter to federal court, the district court noted the differing treatment in the circuits on this issue, as follows:

> The Eighth Circuit Court of Appeals has held that the removal statute does not permit removal by third-party defendants. See Lewis v. Windsor Door Co., 926 F.2d 729, 733–34 (8th Cir.1991). . . . . Similarly, the Seventh Circuit has held that third-party defendants do not have the authority to remove "in the broad run of third-party cases," but stopped short of "adopt[ing] a universal and absolute rule to that effect." Thomas v. Shelton, 740 F.2d 478, 487 (7th Cir.1984).
>
> The Eighth Circuit has not explicitly extended its holding in *Lewis* to removal based on 28 U.S.C. §1349. However, the Seventh Circuit, which is closely aligned with this Circuit on the subject of third-party removal, has decided that removal jurisdiction is not created where Amtrak is named as a third-party defendant. See Adkins v. Ill. Cent. R.R. Co., 326 F.3d 828, 835–36 (7th Cir.2003). . . . .
>
> In contrast, the Fifth Circuit has held that the removal statute allows for removal by third-party defendants where the third-party claim is sufficiently "separate and independent" from the main claim. *See Carl Heck Eng'rs, Inc. v. Lafourche Parish Policy Jury*, 622 F.2d 133, 136 (5th Cir.1980). Amtrak relies heavily on *Carl Heck*. However, the case represents the "minority view." *Johns v. United States*, 1997 WL 543092, at *2 (E.D.La. Sept. 2, 1997). Further, it "has been the subject of nearly universal criticism from other federal courts." *Cross Country Bank v. McGraw*, 321 F.Supp.2d 816, 822 (S.D.W.Va.2004).

2010 WL 22786653 at *1-2.

The district court in *Jones* cited the Fifth Circuit's decision in *See Carl Heck Eng'rs, Inc. v. Lafourche Parish Policy Jury*, 622 F.2d 133, 136 (5th Cir.1980), which held the removal statute allows for removal by third-party defendants where the third-party claim is sufficiently "separate and independent" from the main claim. However, *Carl Heck* is not controlling, as Amtrak has not been named as a third party in this matter, and indeed, is not a party in any capacity in this case. As the magistrate judge pointed out, under 28 U.S.C. §1441, only a <u>defendant</u> may remove a civil action from state court to federal court, and a non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings. *De Jongh v. State Farm Lloyds*, 555 Fed.Appx. 435, 437 (5th Cir. 2014), *citing Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir.2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir.1973) (where removal is initiated by a non-party, the district court is without subject matter jurisdiction).

To the extent Amtrak argues the individual train crew members cannot be held liable for their actions without the presence of Amtrak in the lawsuit, this Court finds such argument unpersuasive. Although not discussed in depth by either party, this Court's research shows a train crew has an independent, statutory duty to stop a train once a crew member can no longer reasonably believe the driver of a vehicle crossing the tracks would be able to stop.[1] *See, e.g., Lejeune v. Union Pacific*

---

[1] The *Lejeune* court explained:

> It is well established in our jurisprudence that a train crew can presume that vehicles approaching railroad crossings will obey the law and stop in time to avoid an accident. Ketcher v. Illinois Cent. Gulf R.R. Co., 440 So.2d 805, 809 (La.App. 1st Cir.1983); Leger v. Texas & P.R. Co., 67 So.2d 775, 780 (La.App. 1st Cir.1953); Bordenave v. Texas & New Orleans R.R. Co., 46 So.2d 525, 529 (La.App.Orl.1950). The train need not slow down at all or attempt to stop upon seeing a vehicle approaching an upcoming crossing. Theriot v. Texas & New Orleans R.R. Co., 220 So.2d 563, 568-69 (La.App. 4th Cir.1969). It is only if a crew member notices that "the driver of the

*R.R.*, 712 So.2d 491, 495-96 (La. 1998) (concluding the train crew did not act negligently after it struck a vehicle attempting to cross the tracks). Considering the aforementioned duty, this Court concludes the individually named crew members can, indeed, be found liable for negligence, independent and apart from the negligence of Amtrak.

## IV. Conclusion

Considering the foregoing, this Court concludes the magistrate judge was correct in finding Amtrak did not have standing to remove the instant lawsuit to this Court, and therefore, this Court lacks subject matter jurisdiction over the instant matter. Thus, after consideration of the objections filed herein and a *de novo* review of the record, this Court ADOPTS the magistrate judge's recommendation, and the instant matter is REMANDED to the 16th Judicial District Court for the Parish of Iberia, Louisiana.

Because this Court lacks subject matter jurisdiction over the instant matter, the defendants' Motion for Order Permitting Interlocutory Appeal [Doc. 33] is DENIED. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28, 116 S.Ct. 494, 497 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction – the grounds for remand recognized by §1447(c) – a court of appeals lacks jurisdiction to entertain an appeal of the remand order under §1447(d)."); *see also Heaton v. Monogram Credit*

---

approaching car is oblivious of the on-coming train or for some other reason does not intend to stop" that the train crew becomes responsible for immediately doing everything in its power to avert the collision. Leger, 67 So.2d at 780-81; see also Wheat v. New Orleans & N.E. R.R. Co., 245 La. 1099, 1109-11, 163 So.2d 65, 69-70 (1964). In other words, "the train crew can assume drivers will bring their vehicles to a stop ... unless the vehicle's approach is so unusual as to place an ordinarily prudent man on notice the vehicle cannot be brought to a stop in time to avoid a collision." Thibodeaux v. Carlock, 392 So.2d 1084, 1086 (La.App. 3d Cir.1980). Thus, the train crew's duty was to do everything in its power to stop the train once a crew member could no longer reasonably believe that LeJeune would be able to stop the ambulance and that a collision was imminent.

712 So.2d at 495.

6

*Card Bank of Georgia*, 231 F.3d 994 (5th Cir. 2000) ("A §1447(c) remand is not reviewable on appeal even if the district court's remand order was erroneous."), *citing Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir.1999); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999).

THUS DONE AND SIGNED in Lafayette, Louisiana, this _19th_ day of January, 2017.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE